IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Criminal No. 06-227 (RBW) |
| ) | |
| ) | |
| TONIA ("Tony") HILT ) | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant Tonia Hilt, by and through undersigned counsel, respectfully moves this Court to suppress at the trial of this matter all testimony relating to any statement or statements alleged to have been made by him while in the custody of law enforcement officers and in response to interrogation on January 12, 2007.

In support thereof, the defendant states:

Assistant United States Attorney Elisa Poteat has advised undersigned counsel that the Government expects to introduce at the trial of this matter a statement Mr. Hilt is alleged to have made to law enforcement agents while in custody and in response to interrogation on January 12, 2007.

Although the interrogating agents did eventually advise the defendant of his *Miranda* rights, that did not occur until after the interrogation had concluded. Mr. Hilt did not, therefore, knowingly waive his Fifth Amendment privilege before making a statement and any resulting statement was necessarily unlawfully obtained.

WHEREFORE, for the foregoing reasons, for the reasons set forth in the attached memorandum, and for any additional reasons as may be established at a hearing on this Motion, Mr.

Hilt respectfully moves this Court to suppress as evidence at his trial any statement made by him to law enforcement agents following his arrest on January 12, 2007.

        Respectfully submitted,

        JOSEPH BESHOURI
        Counsel for Tonia Hilt
        Bar No. 412-199
        419 - 7th Street, N.W.
        Washington, D.C. 20004
        (202) 842-0420

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-227 (RBW) |
| ) | |
| ) | |
| TONIA ("Tony") HILT ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

**I. The Events Preceding Mr. Hit's Interrogation**

On or about January 17, 2007, the defendant was arrested and taken to the Los Angeles Police Department's ("LAPD") station on S. Broadway, Los Angeles, California. Soon after being placed in a room, he was joined by three FBI agents and an LAPD police officer. The officers immediately set about characterizing the dire circumstances with which they believed Mr. Hilt was then faced. Having so characterized his circumstance, the agents initiated questioning of Mr. Hilt as to criminal conduct committed by him, either alone or in concert with others. Mr. Hilt answered the officers' questions, but **before** being advised of his *Miranda* rights rather than after.

**II. There Was No Knowing And Voluntary Fifth Amendment Waiver**

It is axiomatic that if Mr. Hilt was in custody when his interrogation commenced, his interrogation should have been preceded by a knowing, voluntary and intelligent waiver of his Fifth and Sixth Amendment rights. As he was not advised of his rights, either prior to or during his statements, and as no attempt was made by the interrogating agents to ascertain whether Mr. Hilt appreciated the full nature and scope of his rights, there was no lawful waiver and the statement(s) must be suppressed. *Miranda v. Arizona*, 384 U.S. 436 (1966); *Wong Sun v. United States*, 371 U.S.

471 (1963).

The essence of *Miranda* is that custodial interrogation is inherently coercive. The predicate requirement that any interrogation be custodial before *Miranda* warnings are warranted is satisfied if the questioning is initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Illinois v. Perkins*, 496 U.S. 292, 296 (1990); *Oregon v. Mathiason*, 429 U.S. 492 (1977). Here, that there occurred a restraint on the defendant's freedom of movement from the time of his arrest is patent, as is the fact that an interrogation thereafter took place.

WHEREFORE, for the foregoing reasons, and such other reasons as may be advanced at a hearing on this Motion, the defendant respectfully moves this Court to grant the instant Motion and suppress any and all statements alleged to have been made by him while in custody and in response to interrogation on or about January 12, 2007.

Respectfully submitted,

JOSEPH BESHOURI
D.C. Bar #412-199
419 - 7th Street, N.W.
Washington, D.C. 20004
(202) 842-0420