IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Criminal Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-227 (RBW) |
| | ) | |
| | ) | |
| TONY HILT | ) | |

**DEFENDANT'S MOTION *IN LIMINE* FOR AN ORDER DIRECTING THE
GOVERNMENT TO TIMELY PROVIDE IMPEACHMENT EVIDENCE
AS TO ALL OUT-OF-COURT DECLARANTS**

Defendant Tony Hilt respectfully moves this Court, pursuant to Rule 806, Fed.R.Evid., to direct the government to timely provide him any and all impeachment evidence as to any out-of-court declarant whose statement(s) are intended for introduction by the government at trial via Rule 801(d)(2)(E), Fed.R.Evid.

In support of his motion, the defendant states:

Fed.R.Evid. 806 provides, in relevant part,

> When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if the declarant had testified as a witness.

Thus, an out-of-court declarant is deemed to be a witness whose credibility is, in fairness, subject to impeachment. *United States v. Graham*, 858 F.2d 986, 990, (5th Cir.1988) (citing advisory committee notes), *cert. denied*, 489 U.S. 1020 (1989). The scope of impeachment "... parallels that available if the declarant had testified in court, since Rule 806 treats the physical location of the testifying declarant, for impeachment purposes, as legally insignificant." *United States v. Moody*, 903 F.2d 321, 329 (5th Cir.1990).

As with any other witness, impeachment of an out-of-court declarant would be accomplished, for example, with testimony/evidence of prior convictions (Fed.R.Evid. 609), with testimony of a reputation for untruthfulness (Fed.R.Evid. 608(a)), with testimony/evidence of prior inconsistent statements (Fed.R.Evid. 613(b)) and with testimony of prior bad acts probative of untruthfulness (Fed.R.Evid. 608(b)). *See United States v. White*, 116 F.3d 903, 920 (D.C.Cir.1997) (although Fed.R.Evid. 806 provides that the credibility of a hearsay declarant may be attacked ... counsel attacked using specific instances of misconduct, which, under Fed.R.Evid. 608(b) cannot be proved by extrinsic evidence); *same*, *United States v. Saada*, 212 F.3d 210, 221 (3rd Cir. 2000).

An opportunity to impeach an out-of-court declarant's bias, fundamental to the Sixth Amendment's confrontational guarantee, would likewise be a legitimate attack on the declarant's credibility, *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986), as would information about the declarant's narcotics habit, psychiatric treatment, and leniency/favorable treatment offered by the government. *Giglio v. United States*, 405 U.S. 150 (1972).

As the government is required to produce the above-listed information either prior to trial or at the time of trial in the case of witnesses who take the stand, implicit in Fed.R.Evid. 806 is that the government is likewise required to produce such information when it 'calls'[1] the declarant to testify pursuant to Fed.R.Evid. 801(d)(2)(E).

There are practical reasons as well as due process reasons that support such an obligation. On the practical side, prior to the hearsay declarant being called at trial, only the government will know the identity of that individual and/or of its intention to call that declarant to testify pursuant to

---

[1] The Advisory Committee to the Federal Rules of Evidence observed that, "The declarant of a hearsay statement which is admitted into evidence [pursuant to Rule 806] **is in effect a witness**. His credibility should in fairness be subject to impeachment and support as though he had in fact testified." (Emphasis added)

Fed.R.Evid. 801(d)(2)(E)), and the government is not otherwise required to reveal prior to trial 801(d)(2)(E) statements that it intends to elicit. Moreover, impeachment material would – save for a local criminal record, perhaps – in most cases be far more (if not exclusively) accessible to the government than it would the defendant.

As to due process concerns, it is counter-intuitive that the government's obligation to produce impeachment materials would be less demanding in a circumstance that allows the defendant virtually no notice and no time to prepare impeachment – let alone the fact that much if not most impeachment material would be held exclusively by the government – than it would in the far more common situation involving an in-court witness, for whom production of impeachment material is required prior to or at the time of trial.

WHEREFORE, for the above-noted reasons, and for such reasons as may be advanced at a hearing on this Motion, the defendant respectfully moves this Court for an Order directing the government to produce as to all out-of-court declarants the same impeachment evidence it produces for the witnesses it calls to the stand, with the same advance notice.

Respectfully submitted,

JOSEPH BESHOURI
D.C. Bar No. 412199
419 - 7th Street, N.W., Suite 201
Washington, D.C. 20004
(202) 842-0420