FILED

AUG 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06- 227 (RBW) -3 |
| v. | : | Judge Reggie B. Walton |
| TONY FITZGERALD HILT | : | |
| Defendants. | : | |

## GOVERNMENT'S PROFFER OF PROOF IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America submits the following proffer of proof in support of defendant's plea of guilty.

*Elements of the Offense.*

The essential elements of the offense of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine (PCP), in violation of 21 United States Code, § 846, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that an agreement existed between two or more persons to commit the crime to possess with intent to distribute and to distribute one kilogram or more of phencyclidine (PCP);

(2) that the defendant intentionally joined in that illegal agreement.

*See United States v. Lam Kwong Wah*, 924 F.2d 298, 302-303 (D.C. Cir. 1991); *United States v. Pumphrey*, 831 F.2d 307, 308-309, 265 U.S. App. D.C. 306, 307-308 (D.C. Cir. 1987). These cases hold that the offense of violating 21 U.S.C. § 846, by conspiring to violate federal narcotics laws,

does not include an element of commission of an overt act in furtherance of the conspiracy.

Count One of the Indictment charges that your client conspired to possess with intent to distribute and to distribute one kilogram or more of phencyclidine (PCP), in violation of Title 21, United States Code, Sections 846. Thus, in order to make the defendant liable for the sentencing enhancements set out in 21 United States Code, § 8461(b)(1)(A)(i), the United States would be required to prove beyond a reasonable doubt that the defendant possess with intent to distribute and to distribute one kilogram or more of phencyclidine (PCP), as charged in the Indictment. *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Your client further understands that as set out in paragraph 2 of the plea agreement between the United States and your client dated June 25, 2007, your client is accepting responsibility for more than 30 kilograms of phencyclidine (PCP). This drug quantity will be utilized in determining his sentence pursuant to the Federal Sentencing Guidelines.

### *Penalties for the Offense*

The penalty for conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine (PCP), in violation of 21 United States Code, § 846, is set out at 21 U.S. Code, § 841(b)(1)(A)(i). The maximum penalty, therefore, is:

(A) a term of imprisonment which may not be less than ten years nor more than life;

(B) a fine not to exceed $4,000,000;

(C) a term of supervised release of at least 5 years after any period of incarceration

(D) a special assessment of $100.

U.S. Sentencing Guideline, § 5E1.2, permits the Court to impose a fine to pay the costs of imprisonment, term of supervised release, and period of probation.

### FACTUAL PROFFER OF TONY HILT A.K.A. TONIA FITZGERALD HILT

The facts contained herein are not complete in all details. Instead they are provided in order to demonstrate that the elements of the charged offense have been met for purposes of a plea in this case. These are not all of the facts known to the defendant, TONY HILT A.K.A. TONIA FITZGERALD HILT (hereinafter "HILT"), and to the Government.

In at least 2004, HILT was introduced to Troy Hopkins (hereinafter "Hopkins") whom he met through Tinesha Adams in the Mona Park area of Los Angeles. Adams asked HILT if he could arrange for Hopkins to buy gallon quantities of Phencyclidine (hereinafter "PCP"). HILT knew of several suppliers of PCP in the Compton and Mona Park areas from whom he got PCP to supply to Hopkins. These suppliers included "Cliff" (Clifford Oliver), "Mike" (Michael Johnson), and their various associates, among others.

HILT supplied Hopkins with one or more gallon quantities of PCP regularly between 2004 and the summer of 2006. During the period of time when HILT was supplying Hopkins, he met Darnell Anthony Jackson through Hopkins and began also supplying Jackson with gallon quantities of PCP as well.

HILT was often paid by Hopkins and Jackson through women or men who brought him the payments for the PCP in person. Some of the people who brought money to him were, Crystal Parker, among others. Troy Chavious, _for Hopkins_ Jackson, and other male members of the conspiracy also brought HILT money to pay for the PCP. At least two times, HILT received some of the payment through a wire transfer of money. _for Hopkins_

HILT knew that Tinesha Adams was a California-based courier and coordinator of the

3

couriers and he learned that the drugs were being taken by the couriers to Washington, D.C. aboard airplanes. HILT understood generally that many of the women in the conspiracy served as couriers of drugs. HILT believed that Adams knew a lot of PCP sellers through her prior job at Mona Park and could therefore connect PCP buyers with PCP sellers. During the period of the conspiracy, Adams would often come to HILT's father-in-law's home on 124th Street in Compton, California to pick up the PCP purchased by Hopkins and Jackson.

HILT also understood that Dominique Michelle Washington was a courier who transported drugs for Jackson, though he did not know whether she transported drugs for Hopkins. He also knew that Scott Wages, whom HILT believed worked for Hopkins, would sometimes wait outside the 124th Street house in the car while Adams or others would retrieve the gallon quantities of PCP from HILT. HILT knew that Troy Chavious was working for Hopkins and would come to California to get the PCP, pay for the PCP, and coordinate with the couriers on Hopkins' behalf.

HILT did not realize that the PCP he sold was coming to Washington, D.C. and the surrounding areas until members of the conspiracy invited him to a party in the Washington, D.C. area. By that time, HILT was selling several gallons of PCP a month, if not more, to members of the conspiracy.

HILT became nervous in May 2006 when he learned that two gallons of PCP he had given to Tinesha Adams had been intercepted by law enforcement at an airport in the Washington, D.C. area. After that, he began to withdraw from his relationship to the members of conspiracy because he feared he would be caught.

While selling PCP to the members of the conspiracy, HILT sometimes ~~stayed~~ visited at the apartment of a female friend in the City of Downey, a municipality within Los Angeles County,

California. HILT stored an AK-47 assault rifle and other ammunition at this apartment.

Therefore HILT distributed and possessed with intent to distribute over 30 kilograms of PCP during the period of the instant conspiracy.

I agree that the above facts are true and correct. The above facts are not everything that is known to TONY HILT, A.K.A. TONIA FITZGERALD HILT, but only a sample of the facts in order to establish a factual basis for the plea of guilty in this case.

_____
TONY HILT A.K.A. TONIA FITZGERALD HILT
DEFENDANT

_____
JOSEPH BESHOURI
COUNSEL FOR MR. HILT

_____                    _____
S. ELISA POTEAT                                    EMORY V. COLE
ASSISTANT U.S. ATTORNEY                            ASSISTANT U.S. ATTORNEY

                        Respectfully submitted,
                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

            BY:         _____
                        EMORY V. COLE
                        Assistant United States Attorney
                        555 Fourth Street, N.W.
                        Washington, D.C. 20001
                        (202) 616-3388

## CERTIFICATE OF SERVICE

I hereby certify that, on this _____ day of August, 2007, a copy of the foregoing Motion has been delivered to counsel for the defendant.

EMORY V. COLE
ASSISTANT UNITED STATES ATTORNEY